1  EILEEN P. KENNEDY, CA STATE BAR NO. 206464
   BERLINER COHEN, LLP
2  TEN ALMADEN BOULEVARD
   ELEVENTH FLOOR
3  SAN JOSE, CALIFORNIA 95113-2233
   TELEPHONE: (408) 286-5800
4  FACSIMILE: (408) 998-5388
   eileen.kennedy@berliner.com
5
6  ATTORNEYS FOR DEFENDANT
   VIRUS GEEKS, INC., A DELAWARE CORPORATION

7              UNITED STATES DISTRICT COURT

8             NORTHERN DISTRICT OF CALIFORNIA

9  MONICA KIM, an individual and on behalf of     CASE NO.
   all others similarly situated,
10                                                 NOTICE OF REMOVAL OF ACTION
              Plaintiff,                           (THE CLASS ACTION FAIRNESS ACT
11                                                 OF 2005, 109 P.L. 2, 119 STAT. 4,  28
       v.                                          U.S.C. §§ 1332, 1441, AND 1446)
12                                                 (DIVERSITY JURISDICTION)
   VIRUS GEEKS, INC., a California
13 corporation; and DOES 1 through 100,           Monterey County Superior Court Case No.:
   inclusive,                                      22CV001485
14
              Defendant.
15

16

17      TO THE CLERK OF THE ABOVE-ENTITLED COURT:

18         PLEASE TAKE NOTICE that Defendant, VIRUS GEEKS, INC., a corporation organized

19 and existing under the laws of the State of Delaware (and erroneously sued as "a California

20 Corporation") (hereafter, "the Removing Party") hereby removes this action from the Superior

21 Court of the State of California, County of Monterey, to the United States District Court for the

22 Northern District of California and, in support of such removal, states the following:

23         1.      This action is a civil action of which this Court has jurisdiction under 28 U.S.C.

24 §1332 and is one which may now be removed to this Court by Removing Party pursuant to

25 the Class Action Fairness Act of 2005, §§ 1441 and 1446 in that the controversy involves diverse

26 parties, namely, Monica Kim, a citizen of the State of California, and Virus Geeks, Inc., a

27 corporation headquartered in, organized, and existing under the laws of the State of Delaware. The

28 amount in controversy in this action exceeds $5,000,000 the Class Members exceed 100.

NOTICE OF REMOVAL OF ACTION

2.      The Plaintiff served Defendant VIRUS GEEKS, INC., with Summons and the Complaint, and filed its Proof of Service in the Superior Court of California, County of Monterey. A true and correct copy of the Summons and Complaint in the Monterey County Superior Court Action is attached hereto as Exhibit "A." VIRUS GEEKS, INC., filed its Answer in that action.

3.      In the complaint Plaintiff filed in the Monterey County Superior Court, Plaintiff erroneously alleged VIRUS GEEKS, INC., is a California Corporation.

4.      On or about December 13, 2022, while discussing consolidating this action with another action Plaintiff filed in the Monterey County Superior Court, Plaintiff's attorney sent an e-mail to Defense counsel indicating he would stipulate to consolidate the two actions if Defendant agreed it "would not remove to Federal Court."

5.      Prior to December 13, 2022, no papers or correspondence between the Plaintiff and the Defendant in the underlying action indicated that removal to the Northern District Court was appropriate.

6.      A true and correct copy of the "Statement and Designation by Foreign Corporation" filed by Virus Geeks with the California Secretary of State is attached hereto as Exhibit "B." That Statement and Designation by Foreign Corporation clearly indicates Virus Geeks, Inc. is incorporated in Delaware.

7.      A copy of this Notice of Removal was properly served on Plaintiff's attorneys of record.

8.      A copy of this Notice of Removal was filed with the clerk of the court of the Superior Court of the State of California, for the County of Monterey, Case No.: 22CV001485.

DATED:  JANUARY 12, 2023                     BERLINER COHEN, LLP

BY:  ___/s/ *Eileen P. Kennedy*___
     EILEEN P. KENNEDY
     ATTORNEYS FOR DEFENDANT
     VIRUS GEEKS, INC., A DELAWARE
     CORPORATION
     (ERRONEOUSLY SUED AS VIRUS GEEKS, INC.,
     A CALIFORNIA CORPORATION)

**EXHIBIT "A"**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
VIRUS GEEKS INC, a California corporation; and DOES 1 through 100, inclusive

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 5/31/2022 5:05 PM
By: Kemar Davis, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MONICA KIM, an individual and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es:)* Superior Court of California County of Monterey -- Monterey Courthouse 1200 Aguajito Road, Monterey, California 93940 | CASE NUMBER: *(Número del Caso):* 22CV001485 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Bibiyan Law Group, P.C., David D. Bibiyan, 8484 Wilshire Blvd, Suite 500, Beverly Hills, California, 90211, 310-438-5555

| DATE: *(Fecha)* 6/1/2022 | Clerk, by *(Secretario)* /s/ Kemar Davis | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* VIRUS GEEKS INC, A CALIFORNIA CORPORATION

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 *www.courts.ca.gov* |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form. | Print this form | Save this form | Clear this form

1  **BIBIYAN LAW GROUP, P.C.**
   David D. Bibiyan (Cal. Bar No. 287811)
2  *david@tomorrowlaw.com*
   Jeffrey D. Klein (Cal. Bar. No. 297296)
3  *jeff@tomorrowlaw.com*
   Alexander D. Wallin (SBN 320420)
4  alex@tomorrowlaw.com
   8484 Wilshire Boulevard, Suite 500
5  Beverly Hills, California 90211
   Telephone: (310) 438-5555
6  Facsimile: (310) 300-1705
   Attorneys for Plaintiff, MONICA KIM and
7  on behalf of herself and all others similarly situated

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 5/31/2022 5:05 PM
By: Kemar Davis, Deputy

8        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **FOR THE COUNTY OF MONTEREY**

10

11  MONICA KIM, an individual and on behalf of
    all others similarly situated,

    CASE NO.: 22CV001485

12                                               **CLASS ACTION COMPLAINT FOR:**

13          Plaintiff,                           1. FAILURE TO PAY OVERTIME WAGES;

14      v.                                       2. FAILURE TO PAY MINIMUM WAGES;

15  VIRUS GEEKS INC, a California corporation;    3. FAILURE TO PROVIDE MEAL
16  and DOES 1 through 100, inclusive,              PERIODS;

17          Defendants.                          4. FAILURE TO PROVIDE REST PERIODS;

18                                               5. FAILURE TO PAY ALL WAGES DUE
                                                    UPON TERMINATION;
19
                                                 6. WAGE STATEMENT VIOLATIONS;
20
                                                 7. FAILURE TO TIMELY PAY WAGES
21                                                  DURING EMPLOYMENT;

22                                               8. UNFAIR COMPETITION.

23                                               **DEMAND FOR JURY TRIAL**

24                                               [Amount in Controversy Exceeds $25,000.00]

25

26

27

28

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
(310) 438-5555

CLASS ACTION COMPLAINT

22CV001485

COMES NOW Plaintiff MONICA KIM ("Plaintiff"), on behalf of Plaintiff and all others similarly situated, and alleges as follows:

## GENERAL ALLEGATIONS

### INTRODUCTION

1.    This is a Class Action, pursuant to Code of Civil Procedure section 382, against VIRUS GEEKS INC, and any of its respective subsidiaries or affiliated companies within the State of California ("VIRUS GEEKS" and, with DOES 1 through 100, as further defined below, "Defendants") on behalf of Plaintiff and all other current and former non-exempt California employees employed by or formerly employed by Defendants ("Class Members").

### PARTIES

**A.    Plaintiff**

2.    Plaintiff MONICA KIM is a resident of the State of California. At all relevant times herein, Plaintiff is informed and believes, and based thereon allege that Defendants employed Plaintiff MONICA KIM as a non-exempt employee, with duties that included, but were not limited to, cleaning services. Plaintiff is informed and believes, and based thereon allege that Plaintiff MONICA KIM worked for Defendants from approximately December 15, 2020 through approximately June 10, 2021.

**B.    Defendants**

3.    Plaintiff is informed and believes and based thereon allege that Defendant VIRUS GEEKS is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of California and doing business in the County of Monterey, State of California.

4.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of

2

1  the defendants designated hereinafter as DOES when such identities become known.  Plaintiff is

2  informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent

3  to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or

4  policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the

5  other defendants.  Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall

6  include VIRUS GEEKS and any of its parent, subsidiary, or affiliated companies within the State

7  of California, as well as DOES 1 through 100 identified herein.

8  <center>**JOINT LIABILITY ALLEGATIONS**</center>

9      5.     Plaintiff is informed and believes and based thereon alleges that all the times

10  mentioned herein, each of the Defendants was the agent, principal, employee, employer,

11  representative, joint venture or co-conspirator of each of the other defendants, either actually or

12  ostensibly, and in doing the things alleged herein acted within the course and scope of such agency,

13  employment, joint venture, and conspiracy.

14      6.     All of the acts and conduct described herein of each and every corporate defendant

15  was duly authorized, ordered, and directed by the respective and collective defendant corporate

16  employers, and the officers and management-level employees of said corporate employers. In

17  addition thereto, said corporate employers participated in the aforementioned acts and conduct of

18  their said employees, agents, and representatives, and each of them; and upon completion of the

19  aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant

20  corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded,

21  acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the

22  aforementioned corporate employees, agents and representatives.

23      7.     As a result of the aforementioned facts, Plaintiff is informed and believes, and based

24  thereon alleges that Defendants, and each of them, are joint employers.

25  <center>**JURISDICTION**</center>

26      8.     Jurisdiction exists in the Superior Court of the State of California pursuant to Code

27  of Civil Procedure section 410.10.

28      9.     Venue is proper in Monterey County, California pursuant to Code of Civil Procedure

<center>3</center>
<center>CLASS ACTION COMPLAINT</center>

22CV001485

1  sections 392, et seq. because, among other things, Monterey County is where the causes of action

2  complained of herein arose; the county in which the employment relationship began; the county in

3  which performance of the employment contract, or part of it, between Plaintiff, or some of them,

4  and Defendants was due to be performed; the county in which the employment contract, or part of

5  it, between Plaintiff, or some of them, and Defendants was actually performed; and the county in

6  which Defendants, or some of them, reside.  Moreover, the unlawful acts alleged herein have a direct

7  effect on Plaintiff and Class Members in Monterey County, and because Defendants employ

8  numerous Class Members in Monterey County.

9  <div align="center">**FACTUAL BACKGROUND**</div>

10    10.    For at least four (4) years prior to the filing of this action and continuing to the

11  present, Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or

12  some of them, in violation of California state wage and hour laws as a result of, without limitation,

13  Plaintiff and Class Members working over eight (8) hours per day, forty (40) hours per week, and

14  seven consecutive work days in a work week without being properly compensated for hours worked

15  in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours

16  worked on the seventh consecutive work day in a work week by, among other things, failing to

17  accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay;

18  engaging, suffering, or permitting employees to go through temperature checks off the clock; and

19  detrimental rounding of employee time entries to the detriment of Plaintiff and Class Members.

20    11.    For at least four (4) years prior to the filing of this Action and continuing to the

21  present, Defendants have, at times, failed to pay minimum wages to Plaintiff and Class Members,

22  or some of them, in violation of California state wage and hour laws as a result of, among other

23  things, at times, failing to accurately track and/or pay for all hours actually worked at their regular

24  rate of pay that is above the minimum wage; engaging, suffering, or permitting employees to go

25  through temperature checks off the clock; and detrimental rounding of employee time entries to the

26  detriment of Plaintiff and Class Members.

27    12.    For at least four (4) years prior to the filing of this Action and continuing to the

28  present, Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them,

22CV001485

1  full, timely thirty (30) minute uninterrupted meal period for days on which they worked more than
2  five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on
3  which they worked in excess of ten (10) hours in a work day, and failing to provide compensation
4  for such unprovided meal periods as required by California wage and hour laws.

5      13.    For at least four (4) years prior to the filing of this action and continuing to the
6  present, Defendants have, at times, failed to authorize and permit Plaintiff and Class Members, or
7  some of them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major
8  fraction thereof and failed to provide compensation for such unprovided rest periods as required by
9  California wage and hour laws.

10     14.    For at least three (3) years prior to the filing of this action and continuing to the
11 present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the
12 full amount of their wages owed to them upon termination and/or resignation as required by Labor
13 Code sections 201 and 202, including for, without limitation, failing to pay overtime wages,
14 minimum wages, and premium wages.

15     15.    For at least one (1) year prior to the filing of this Action and continuing to the present,
16 Defendants have, at times, failed to furnish Plaintiff and Class Members, or some of them, with
17 itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages
18 earned; all applicable hourly rates in effect during the pay period and the corresponding number of
19 hours worked at each hourly rate; the name of the legal entity that is the employer; and other such
20 information as required by Labor Code section 226, subdivision (a).  As a result thereof, Defendants
21 have further failed to furnish employees with an accurate calculation of gross and gross wages
22 earned, as well as gross and net wages paid.

23     16.    For at least one (1) year prior to the filing of this action and continuing to the present,
24 Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full
25 amount of their wages for labor performed in a timely fashion as required under Labor Code section
26 204.

27     17.    Plaintiff, on their own behalf and on behalf of Class Members, brings this action
28 pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 204, 226, 226.7,

22CV001485

1   510, 512, 1194, 1194.2, 1197, 2810.3, *et al.*, and California Code of Regulations, Title 8, section

2   11040, seeking overtime wages, minimum wages, payment of premium wages for missed meal and

3   rest periods, failure to pay timely wages, waiting time penalties, wage statement penalties, other

4   such provisions of California law, and reasonable attorneys' fees and costs.

5       18.      Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, pursuant to

6   Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s)

7   prohibiting Defendants from further violating the Labor Code and requiring the establishment of

8   appropriate and effective means to prevent further violations, as well as all monies owed but

9   withheld and retained by Defendants to which Plaintiff and Class Members are entitled, as well as

10  restitution of amounts owed.

11                              **CLASS ACTION ALLEGATIONS**

12      19.      Plaintiff brings this action on behalf of Plaintiff and Class Members as a class action

13  pursuant to Code of Civil Procedure section 382. Plaintiff seeks to represent a class of all current

14  and former non-exempt employees of Defendants within the State of California at any time

15  commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice

16  of the class action is provided to the class (collectively referred to as "Class Members").

17      20.      Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b)

18  to amend or modify the class description with greater specificity, further divide the defined class

19  into subclasses, and to further specify or limit the issues for which certification is sought.

20      21.      This action has been brought and may properly be maintained as a class action under

21  the provisions of Code of Civil Procedure section 382 because there is a well-defined community

22  of interest in the litigation and the proposed Class is easily ascertainable.

23      **A.**    **Numerosity**

24      22.      The potential Class Members as defined are so numerous that joinder of all the

25  members of the Class is impracticable. While the precise number of Class Members has not been

26  determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class

27  Members employed by Defendants within the State of California.

28      23.      Accounting for employee turnover during the relevant periods necessarily increases

this number.  Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

**B.     Commonality**

24.     There are questions of law and fact common to Class Members.  These common questions include, but are not limited to:

A.     Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours worked at a proper overtime rate of pay?

B.     Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for all other time worked at the employee's regular rate of pay and a rate of pay that is greater than the applicable minimum wage?

C.     Did Defendants violate Labor Code section 512 by not authorizing or permitting Class Members to take compliant meal periods?

D.     Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted meal periods?

E.     Did Defendants violate applicable Wage Orders by not authorizing or permitting Class Members to take compliant rest periods?

F.     Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed rest periods?

G.     Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

H.     Are Defendants liable to Class Members for waiting time penalties under Labor Code section 203?

I.     Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

J.     Did Defendants fail to pay Class Members in a timely fashion as required under Labor Code section 204?

K.     Did Defendants violate the Unfair Competition Law, Business and Professions Code

22CV001485

1    section 17200, *et seq.*, by their unlawful practices as alleged herein?

2    L.   Are Class Members entitled to restitution of wages under Business and Professions

3    Code section 17203?

4    M.   Are Class Members entitled to costs and attorneys' fees?

5    N.   Are Class Members entitled to interest?

6    **C.    Typicality**

7    25.    The claims of Plaintiff herein alleged are typical of those claims which could be

8    alleged by any Class Members, and the relief sought is typical of the relief which would be sought

9    by each Class Member in separate actions.  Plaintiff and Class Members sustained injuries and

10   damages arising out of and caused by Defendants' common course of conduct in violation of laws

11   and regulations that have the force and effect of law and statutes as alleged herein.

12   **D.    Adequacy of Representation**

13   26.    Plaintiff will fairly and adequately represent and protect the interest of Class

14   Members.  Counsel who represents Plaintiff is competent and experienced in litigating wage and

15   hour class actions.

16   **E.    Superiority of Class Action**

17   27.    A class action is superior to other available means for the fair and efficient

18   adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and

19   questions of law and fact common to Class Members predominate over any questions affecting only

20   individual Class Members.  Class Members, as further described therein, have been damaged and

21   are entitled to recovery by reason of Defendants' policies and/or practices that have resulted in the

22   violation of the Labor Code at times, as set out herein.

23   28.    Class action treatment will allow Class Members to litigate their claims in a manner

24   that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of

25   any difficulties that are likely to be encountered in the management of this action that would

26   preclude its maintenance as a class action.

27   ///

28   ///

22CV001485

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime Wages – Against All Defendants)

29.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

30.    At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable Wage Orders.

31.    At all times relevant to this Complaint, Labor Code section 510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

32.    At all times relevant to this Complaint, Labor Code section 510 further provided that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

33.    Four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7) consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a result of, including but not limited to, Defendants failing to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay; engaging, suffering, or permitting employees to go through temperature checks off the clock; and detrimental rounding of employee time entries to the detriment of Plaintiff and Class Members.

34.    Accordingly, by requiring Plaintiff and Class Members to, at times, work greater than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and

22CV001485

1  applicable IWC Wage Orders, and California law.

2      35.      As a result of the unlawful acts of Defendants, Plaintiff and Class Members have

3  been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery,

4  plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194

5  and 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

6                          **SECOND CAUSE OF ACTION**

7              **(Failure to Pay Minimum Wages – Against All Defendants)**

8      36.      Plaintiff realleges and incorporates by reference all of the allegations contained in

9  the preceding paragraphs as though fully set forth hereat.

10     37.      At all relevant times, Plaintiff and Class Members were employees or former

11  employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

12     38.      Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and

13  Class Members were entitled to receive minimum wages for all hours worked or otherwise under

14  Defendants' control.

15     39.      For four (4) years prior to the filing of the Complaint in this Action through the

16  present, Defendants failed, at times, to accurately track and/or pay for all hours actually worked at

17  their regular rate of pay that is above the minimum wage; engaging, suffering, or permitting

18  employees to go through temperature checks off the clock; and detrimental rounding of employee

19  time to the detriment of Plaintiff and Class Members.

20     40.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

21  suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages

22  for all hours worked or otherwise due.

23     41.      Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure

24  sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to

25  recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated

26  damages, reasonable attorneys' fees and costs of suit.

27  ///

28  ///

22CV001485

### THIRD CAUSE OF ACTION

**(Failure to Provide Meal Periods – Against All Defendants)**

42.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

43.    At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

44.    Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall employ an employee for a work period of more than five (5) hours without a timely meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second timely meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

45.    Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

46.    For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty-free uninterrupted meal periods every five hours of work without waiving the right to take them, as permitted.  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not provided compliant meal periods.

47.    By their failure to provide Plaintiff and Class Members compliant meal periods as contemplated by Labor Code section 512, among other California authorities, and failing, at times, to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 512 and applicable Wage Orders.

48.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay

22CV001485

1  owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

2      49.      Plaintiff and Class Members are entitled to recover the full amount of their unpaid

3  additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus

4  interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7,

5  Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

6                              **FOURTH CAUSE OF ACTION**

7                 **(Failure to Provide Rest Periods – Against All Defendants)**

8      50.      Plaintiff realleges and incorporates by reference all of the allegations contained in

9  the preceding paragraphs as though fully set forth hereat.

10     51.      At all relevant times, Plaintiff and Class Members were employees or former

11 employees of Defendants covered by applicable Wage Orders.

12     52.      California law and applicable Wage Orders require that employers "authorize and

13 permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour

14 work period "or major fraction thereof." Accordingly, employees who work shifts of three and-a-

15 half (3 ½ ) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who

16 work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes

17 of paid rest period, and employees who work shifts of more than ten (10) hours must be provided

18 thirty (30) minutes of paid rest period.

19     53.      Pursuant to Labor Code section 226.7, if an employer fails to provide an employee

20 with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare

21 Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's

22 regular rate of compensation for each work day that the rest period is not provided.

23     54.      For four (4) years prior to the filing of the Complaint in this Action through the

24 present, Plaintiff and Class Members were, at times, not authorized or permitted to take complete,

25 timely 30-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction

26 thereof. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class

27 Member's regular rate of compensation on the occasions that Class Members were not authorized

28 or permitted to take compliant rest periods.

55.    By their failure, at times, to authorize and permit Plaintiff and Class Members to take rest periods contemplated by California law, and one (1) additional hour of pay at the employee's regular rate of compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

56.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for rest periods that they were not authorized or permitted to take.

57.    Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

## FIFTH CAUSE OF ACTION

### (Failure to Pay All Wages Due Upon Termination – Against All Defendants)

58.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

59.    At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable Wage Orders.

60.    Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged Class Members were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Class Members who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

61.    Plaintiff is informed and believes, and based thereon alleges, that in the three (3) years before the filing of the Complaint in this Action through the present, Defendants, due to the failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class

1 | Members all wages earned prior to resignation or termination in accordance with Labor Code
2 | sections 201 or 202.

3 |     62.    Plaintiff is informed and believes Defendants' failure, at times, to pay Plaintiff and
4 | Class Members all wages earned prior to termination or resignation in accordance with Labor Code
5 | sections 201 and 202 was willful. Defendants had the ability to pay all wages earned by Plaintiff
6 | and Class Members at the time of termination in accordance with Labor Code sections 201 and 202,
7 | but intentionally adopted policies or practices incompatible with the requirements of Labor Code
8 | sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination
9 | or resignation.

10 |     63.    Pursuant to Labor Code section 203, Plaintiff and Class Members are entitled to
11 | waiting time penalties from the date their earned and unpaid wages were due, upon termination or
12 | resignation, until paid, up to a maximum of thirty (30) days.

13 |     64.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have
14 | suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned
15 | prior to termination or resignation.

16 |     65.    Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections
17 | 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover
18 | waiting time penalties, interest, and their costs of suit, as well.

19 | **SIXTH CAUSE OF ACTION**

20 | **(Wage Statement Violations – Against All Defendants)**

21 |     66.    Plaintiff realleges and incorporates by reference all of the allegations contained in
22 | the preceding paragraphs as though fully set forth hereat.

23 |     67.    At all relevant times, Plaintiff and Class Members were employees or former
24 | employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

25 |     68.    Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members
26 | were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized
27 | statement that accurately reflects, among other things, gross wages earned; total hours worked; net
28 | wages earned; all applicable hourly rates in effect during the pay period and the corresponding

22CV001485

number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer, among other things.

69.      Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer, among other things.

70.      Defendants' failure to, at times, provide Plaintiff and Class Members with accurate wage statements was knowing, intentional, and willful.  Defendants had the ability to provide Plaintiff and the other Class Members with accurate wage statements, but, at times, willfully provided wage statements that Defendants knew were not accurate.

71.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered injury.  The absence of accurate information on Class Members' wage statements at times has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and mathematical computations to determine the amount of wages owed; causes difficulty and expense in attempting to reconstruct time and pay records; and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal governmental agencies, among other things.

72.      Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate $4,000.00 per employee.

73.      Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable

15

22CV001485

1   attorneys' fees, and costs of suit.

2   **SEVENTH CAUSE OF ACTION**

3   **(Failure to Timely Pay Wages During Employment – Against All Defendants)**

4   74.    Plaintiff reallege each and every allegation set forth in the preceding paragraphs and

5   incorporate each by reference as though fully set forth hereat.

6   75.    At all relevant times, Plaintiff and Class Members were employees or former

7   employees of Defendants covered by Labor Code section 204 and applicable Wage Orders.

8   76.    Labor Code section 204 provides that "[l]abor performed between the 1st and 15th

9   days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month

10  during which the labor was performed, and labor performed between the 16th and the last day,

11  inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following

12  month."

13  77.    Labor Code section 210, subdivision (a) states that "[i]n addition to, and entirely

14  independent and apart from, any other penalty provided in this article, every person who fails to pay

15  the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and

16  1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars

17  ($100) for each failure to pay each employee" and "(2) For each subsequent violation, or any willful

18  or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25

19  percent of the amount unlawfully withheld."

20  78.    Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year

21  before the filing of the Complaint in this Action through the present, Defendants employed policies

22  and practices that resulted in, at times, not paying Plaintiff and Class Members in accordance with

23  Labor Code section 204.

24  79.    Pursuant to Labor Code section 210, Plaintiff and Class Members are entitled to

25  recover penalties for Defendants' violations of Labor Code section 204, in the amount of one

26  hundred dollars ($100) for each initial violation per Class Member, and two hundred dollars ($200)

27  for each subsequent violation in connection with each payment that was made in violation of Labor

28  Code section 204 per Class Member, plus 25 percent of the amount unlawfully withheld.

22CV001485

80.     Pursuant to Labor Code section 218.6, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recovery of penalties, interest, and their costs of suit, as well.

## EIGHTH CAUSE OF ACTION

### (Unfair Competition – Against All Defendants)

81.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

82.     Plaintiff is informed and believes, and based thereon alleges that the unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200.  Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to compensate employees in accordance with the Labor Code.

83.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and Class Members have suffered injury in fact and lost money or property.

84.     Pursuant to Business and Professions Code section 17203, Plaintiff and Class Members are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as restitution of all wages and other monies owed to them under the Labor Code, including interest thereon, in which they had a property interest and which Defendants nevertheless failed to pay them and instead withheld and retained for themselves.  Restitution of the money owed to Plaintiff and Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the Labor Code.

85.     Plaintiff and Class Members are entitled to costs of suit under Code of Civil Procedure section 1032 and interest under Civil Code section 3287.

## DEMAND FOR JURY TRIAL

86.     Plaintiff demands a trial by jury on all causes of action contained herein.

## PRAYER

17

22CV001485

WHEREFORE, on behalf of Plaintiff and Class Members, Plaintiff prays for judgment against Defendants as follows:

A.   An order certifying this case as a Class Action;

B.   An Order appointing Plaintiff as Class representative and appointing Plaintiff's counsel as class counsel;

C.   Damages for all wages earned and owed, including minimum. overtime wages and unpaid wages, under Labor Code sections 510, 1194, 1197; and 1199;

D.   Liquidated damages pursuant to Labor Code sections 1194.2;

E.   Damages for unpaid premium wages from missed meal and rest periods under, among other Labor Code sections, 512 and 226.7;

F.   Penalties for inaccurate wage statements under Labor Code sections 226, subdivision (e);

G.   Waiting time penalties under Labor Code section 203;

H.   Penalties to timely pay wages under Labor Code section 210;

J.   Preliminary and permanent injunctions prohibiting Defendants from further violating the California Labor Code and requiring the establishment of appropriate and effective means to prevent future violations;

K.   Restitution of wages and benefits due which were acquired by means of any unfair business practice, according to proof;

L.   Prejudgment and post-judgment interest at the maximum rate allowed by law;

M.   For attorneys' fees in prosecuting this action;

N.   For costs of suit incurred herein; and

O.   For such other and further relief as the Court deems just and proper.

Dated: May 31, 2022                    BIBIYAN LAW GROUP, P.C.

BY:    _/s/ Alexander D. Wallin_
        ALEXANDER D. WALLIN
        Attorneys for Plaintiff MONICA KIM on behalf of
        herself and all others similarly situated

1 | **BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (Cal. Bar No. 287811)
2 | *david@tomorrowlaw.com*
Jeffrey D. Klein (Cal. Bar. No. 297296)
3 | *jeff@tomorrowlaw.com*
Alexander D. Wallin (SBN 320420)
4 | alex@tomorrowlaw.com
8484 Wilshire Boulevard, Suite 500
5 | Beverly Hills, California 90211
Telephone: (310) 438-5555
6 | Facsimile: (310) 300-1705
Attorneys for Plaintiff, MONICA KIM and
7 | on behalf of herself and all others similarly situated

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 6/2/2022 10:26 AM
By: Melanie Oliverez, Deputy

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF MONTEREY**

10 |

11 | MONICA KIM, an individual and on behalf of
all others similarly situated,

12 |

13 |      Plaintiff,

14 |

15 |      v.

16 | VIRUS GEEKS INC, a California corporation;
and DOES 1 through 100, inclusive,

17 |

18 |      Defendants.

CASE NO.: 22CV001485

[Assigned for all purposes to the Hon. Thomas
W. Wills, in Dept. 15]

**PLAINTIFF'S PEREMPTORY
CHALLENGE TO JUDICIAL OFFICER
UNDER CODE OF CIVIL PROCEDURE §
170.6; DECLARATION OF ALEXANDER
D. WALLIN IN SUPPORT THEREOF**

**[NO HEARING REQUIRED]**

ACTION FILED:   May 31, 2022
TRIAL DATE:    None set

19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

Law Offices of
BIBIYAN LAW GROUP
A Professional Corporation
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
(310) 438-5555

PLAINTIFF'S PREEMTORY CHALLENGE TO JUDICIAL OFFICER UNDER CODE OF CIVIL PROCEDURE §
170.6: DECLARATION IN SUPPORT THEREOF

**TO THE HONORABLE THOMAS W. WILLS AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Monica Kim ("Plaintiff"), on behalf of himself and all others similarly situated, hereby moves to reassign the above-entitled matter from the Honorable Thomas W. Wills, and that no matter hereinafter arising in this action be heard by or assigned to the Honorable Thomas W. Wills, on the ground that the Honorable Thomas W. Wills is prejudiced against Plaintiff or his attorneys in this proceeding, or the interest of Plaintiff or such other attorney.

This Motion is based on the matters contained herein, on California Code of Civil Procedure section 170.6, and on the supporting declaration of Alexander D. Wallin attached hereto and filed concurrently herewith.

WHEREFORE, Plaintiff prays that the relief requested herein be granted.

Dated:  June 2, 2022                    BIBIYAN LAW GROUP, P.C.


                                        BY: */s/ Alexander D. Wallin*
                                        ALEXANDER D. WALLIN
                                        Attorneys for Plaintiff MONICA KIM on behalf of
                                        herself and all others similarly situated

PLAINTIFF'S PREEMTORY CHALLENGE TO JUDICIAL OFFICER UNDER CODE OF CIVIL PROCEDURE § 170.6: DECLARATION IN SUPPORT THEREOF

**DECLARATION OF ALEXANDER D. WALLIN**

I, Alexander D. Wallin, declare and state, as follows:

1.     I am a member in good standing of the State Bar of California and an associate of Bibiyan Law Group, P.C., counsel of record for Plaintiff Monica Kim ("Plaintiff"), who is the Plaintiff in the herein Action.

1.     I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true.  I am competent to testify, and if called upon to testify, could and would testify as set forth herein.

2.     I make this Declaration in support of Plaintiff's Motion for Preemptory Disqualification under Code of Civil Procedure Section 170.6.

3.     Code of Civil Procedure section 170.6 provides that "[i]f directed to the trial of a civil cause that has been assigned to a judge for all purposes, the motion shall be made to the assigned judge or to the presiding judge by a party within 15 days after notice of the all purpose assignment…"

4.     This Action was assigned for all purposes to the Honorable Thomas W. Wills in Department 15 of the Superior Court of California for the County of Monterey effective May 31, 2022.  Formal Notice of Assignment and Case Management Conference (Civil), has been provided to Plaintiff.

5.     The Honorable Thomas W. Wills is prejudiced against Plaintiff or his attorneys in this action, or the interest of Plaintiff and/or his attorneys, so that declarant and Plaintiff cannot, or declarant believes that Plaintiff or his attorneys cannot, have a fair and impartial hearing or trial before said Judge.

6.     Pursuant to the provisions of Code of Civil Procedure section 170.6, I request that this case be assigned to another judicial officer for further proceedings.

/ / /

/ / /

/ / /

/ / /

1       7.    I make this Motion and Declaration within fifteen (15) days of the all-purpose

2   assignment.

3       I declare under penalty of perjury under the laws of the State of California that the foregoing

4   is true and correct.

5       Executed on June 2, 2022, at Beverly Hills, California.

6

7                                                      /s/ Alexander D. Wallin
                                                 Alexander D. Wallin

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| SUPERIOR COURT OF MONTEREY COUNTY Monterey Branch, 1200 Aguajito Road, Monterey, CA 93940 | |
|---|---|
| MONICA KIM vs. VIRUS GEEKS INC, a California corporation, et al. | **CASE NUMBER** **22CV001485** |
| | **Case Management Conference** |

## NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

**Your case is assigned for all purposes to the Honorable Thomas W Wills.**

Your civil case, excluding unlawful detainer and collections are a rotational assignment among three judicial officers:
Judge Thomas W. Wills; Judge Carrie M. Panetta, Judge Vanessa W. Vallarta

Your provisionally complex case or "is complex" designation at case initiation are assigned ODD/EVEN by ending number among two judicial officers:    Judge Thomas W. Wills and Judge Carrie M. Panetta

This notice, which includes the Alternative Dispute Resolution (ADR) information packet (CI-127), <u>must</u> be served together with the Summons and Complaint or Petition pursuant to California Rule of Court 3.221. *Parties are required to follow the complex case instructions, case management rules as outlined in California Rule of Court 3.722 and Chapter 6 of the Local Rules of Court, all can be found on the court website at* <u>www.monterey.courts.ca.gov</u>. A case management statement from each party or joint statement shall be filed prior to the conference as outlined in California Rule of Court 3.725.

---

**Date: <u>October 04, 2022</u>      Time:<u>9:00 AM</u>      Department 15**

**Location: <u>Monterey Courthouse, 1200 AGUAJITO ROAD, MONTEREY, CA 93940</u>**

*Telephonic appearance, two days prior to the hearing, can be arranged directly through Court Call Service at 1-888-882-6878. California Rule of Court 3.670. Authorization for telephone appearance <u>will not</u> be given on the day of the hearing.*

---

## COURT REPORTER INFORMATION

**Effective January 1, 2022**, Monterey County Superior Court will only be providing court reporter services in the following, statutorily-mandated case types:

1. Death penalty proceedings under Penal Code §190.9;
2. Juvenile proceedings not before a referee or commissioner under Welfare & Institutions Code §347 and §677;
3. Felony cases under Code of Civil Procedure §269; and
4. "Withdrawal of consent to adopt" proceedings under Family Code §9005.

---

**NOTICE OF ALL PURPOSE CASE ASSIGNMENT**    [Rev. Nov 2021]

**(Civil)**

For all other, non-statutorily-mandated cases, litigants who need court reporter services, and who are not entitled to a court-provided reporter due to indigency, will need to arrange for such services.

Pursuant to statutes of the State of California, it is the responsibility of the court to establish procedures for the timely and effective disposition of civil cases.

The court is charged with the responsibility of ensuring all parties a fair and timely resolution of their disputes, and the court is in the best position to establish neutral rules and policies without adversely affecting all parties' right to a fair trial. Effective management of the judicial system will build continuing respect by the community of government, minimize the costs to the parties and the public, and maximize the probability that cases will be timely resolved.

The goals of the Monterey County civil case and trial management system are:

1. To provide an effective and fair procedure for the timely disposition of civil cases;
2. To provide a mechanism to gather needed case information in order to make appropriate judicial management decisions; and
3. To establish reasonable rules and policies to require that cases reporting "ready" for trial may be tried without unnecessary delays or interruptions.

*Court proceedings are in English. If you or a witness in your case needs an interpreter, please complete Judicial Council form INT—300.* **You must file INT-300 at the first floor clerks counter (or by e-file) 15\* business days prior to your hearing.**

*Los procedimientos judiciales son en inglés. Si usted o un testigo en su caso necesita un intérprete, complete el formulario INT-300 del Consejo Judicial.* **Debe presentar el INT-300 con los empleados legales de la oficina del primer piso (o mediante archivo electrónico) 15\* días hábiles antes de su audiencia.**

---

### Alternative Dispute Resolution (CI-127) - (INFORMATION PACKET)
OPTIONS FOR RESOLVING YOUR DISPUTE

**There Are Alternatives to Going to Trial**

Did you know that 95 percent of all civil cases filed in court are resolved without going to trial? Many people use processes other than trial to resolve their disputes. These alternative processes, known as Alternative Dispute Resolution or ADR, are typically less formal and adversarial than trial, and many use a problem-solving approach to help the parties reach an agreement.

**Advantages of ADR**

Here are some potential advantages of using ADR:

- **Save Time:** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.
- **Save Money:** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, and expert's fees.
- **Increase Control over the Process and the Outcome:** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

---

**NOTICE OF ALL PURPOSE CASE ASSIGNMENT** [Rev. Nov 2021]

**(Civil)**

- **Preserve Relationships:** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.
- **Increase Satisfaction:** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.
- **Improve Attorney-Client Relationships:** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

Because of these potential advantages, it is worth considering using ADR early in a lawsuit or even before you file a lawsuit.

## What Are the ADR Options?

The most commonly used ADR processes are mediation, arbitration, neutral evaluation, and settlement conferences.

## Mediation

In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties. The Monterey County Superior Court offers a Court-Directed Mediation Program.

**Cases for Which Mediation May Be Appropriate:** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use.

Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate:** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

## Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed.

Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision in binding arbitration. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision. The Monterey County Superior Court offers a nonbinding judicial arbitration program.

**Cases for Which Arbitration May Be Appropriate:** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate:** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

## Neutral Evaluation

In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is nonbinding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

---

**NOTICE OF ALL PURPOSE CASE ASSIGNMENT**    [Rev. Nov 2021]

**(Civil)**

**Cases for Which Neutral Evaluation May Be Appropriate:** Neutral evaluation may be most appropriate in cases in which there are technical issues that require expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate:** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

<u>**Settlement Conference**</u>

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set

| SUPERIOR COURT OF MONTEREY COUNTY<br>**Monterey Branch**, 1200 Aguajito Road, Monterey, CA 93940 | |
| --- | --- |
| **MONICA KIM** | **CASE NUMBER**<br>**22CV001485** |
| vs.<br>**VIRUS GEEKS INC, a California corporation, et al.** | **Case Management Conference** |

## NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

**Your case is assigned for all purposes to the Honorable Thomas W Wills.**

Your civil case, excluding unlawful detainer and collections are a rotational assignment among three judicial officers:
Judge Thomas W. Wills; Judge Carrie M. Panetta, Judge Vanessa W. Vallarta

Your provisionally complex case or "is complex" designation at case initiation are assigned ODD/EVEN by ending number among two judicial officers:     Judge Thomas W. Wills and Judge Carrie M. Panetta

This notice, which includes the Alternative Dispute Resolution (ADR) information packet (CI-127), <u>must</u> be served together with the Summons and Complaint or Petition pursuant to California Rule of Court 3.221. *Parties are required to follow the complex case instructions, case management rules as outlined in California Rule of Court 3.722 and Chapter 6 of the Local Rules of Court, all can be found on the court website at* www.monterey.courts.ca.gov. A case management statement from each party or joint statement shall be filed prior to the conference as outlined in California Rule of Court 3.725.

---

Date: <u>October 04, 2022</u>     Time: <u>9:00 AM</u>     Department 15

Location: <u>Monterey Courthouse, 1200 AGUAJITO ROAD, MONTEREY, CA 93940</u>

*Telephonic appearance, two days prior to the hearing, can be arranged directly through Court Call Service at **1-888-882-6878.** California Rule of Court 3.670.* **Authorization for telephone appearance <u>will not</u> be given on the day of the hearing**.

---

## COURT REPORTER INFORMATION

**Effective January 1, 2022**, Monterey County Superior Court will only be providing court reporter services in the following, statutorily-mandated case types:

1. Death penalty proceedings under Penal Code §190.9;
2. Juvenile proceedings not before a referee or commissioner under Welfare & Institutions Code §347 and §677;
3. Felony cases under Code of Civil Procedure §269; and
4. "Withdrawal of consent to adopt" proceedings under Family Code §9005.

---

**NOTICE OF ALL PURPOSE CASE ASSIGNMENT**     [Rev. Nov 2021]

**(Civil)**

For all other, non-statutorily-mandated cases, litigants who need court reporter services, and who are not entitled to a court-provided reporter due to indigency, will need to arrange for such services.

Pursuant to statutes of the State of California, it is the responsibility of the court to establish procedures for the timely and effective disposition of civil cases.

The court is charged with the responsibility of ensuring all parties a fair and timely resolution of their disputes, and the court is in the best position to establish neutral rules and policies without adversely affecting all parties' right to a fair trial. Effective management of the judicial system will build continuing respect by the community of government, minimize the costs to the parties and the public, and maximize the probability that cases will be timely resolved.

The goals of the Monterey County civil case and trial management system are:

1. To provide an effective and fair procedure for the timely disposition of civil cases;
2. To provide a mechanism to gather needed case information in order to make appropriate judicial management decisions; and
3. To establish reasonable rules and policies to require that cases reporting "ready" for trial may be tried without unnecessary delays or interruptions.

*Court proceedings are in English. If you or a witness in your case needs an interpreter, please complete Judicial Council form INT—300.* **You must file INT-300 at the first floor clerks counter (or by e-file) 15\* business days prior to your hearing.**
*Los procedimientos judiciales son en inglés. Si usted o un testigo en su caso necesita un intérprete, complete el formulario INT-300 del Consejo Judicial.* **Debe presentar el INT-300 con los empleados legales de la oficina del primer piso (o mediante archivo electrónico) 15\* días hábiles antes de su audiencia.**

---

### Alternative Dispute Resolution (CI-127) - (INFORMATION PACKET)
OPTIONS FOR RESOLVING YOUR DISPUTE

**There Are Alternatives to Going to Trial**
Did you know that 95 percent of all civil cases filed in court are resolved without going to trial? Many people use processes other than trial to resolve their disputes. These alternative processes, known as Alternative Dispute Resolution or ADR, are typically less formal and adversarial than trial, and many use a problem-solving approach to help the parties reach an agreement.

**Advantages of ADR**
Here are some potential advantages of using ADR:

- **Save Time:** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.
- **Save Money:** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, and expert's fees.
- **Increase Control over the Process and the Outcome:** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

---

**NOTICE OF ALL PURPOSE CASE ASSIGNMENT**    [Rev. Nov 2021]

**(Civil)**

- **Preserve Relationships:** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.
- **Increase Satisfaction:** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.
- **Improve Attorney-Client Relationships:** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

Because of these potential advantages, it is worth considering using ADR early in a lawsuit or even before you file a lawsuit.

**What Are the ADR Options?**
The most commonly used ADR processes are mediation, arbitration, neutral evaluation, and settlement conferences.

**Mediation**
In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties. The Monterey County Superior Court offers a Court-Directed Mediation Program.

**Cases for Which Mediation May Be Appropriate:** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use.

Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate:** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed.
Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision in binding arbitration. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision. The Monterey County Superior Court offers a nonbinding judicial arbitration program.
**Cases for Which Arbitration May Be Appropriate:** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.
**Cases for Which Arbitration May Not Be Appropriate:** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is nonbinding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

---

**NOTICE OF ALL PURPOSE CASE ASSIGNMENT**    [Rev. Nov 2021]

**(Civil)**

**Cases for Which Neutral Evaluation May Be Appropriate:** Neutral evaluation may be most appropriate in cases in which there are technical issues that require expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate:** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

<u>**Settlement Conference**</u>

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement

conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set

**NOTICE OF ALL PURPOSE CASE ASSIGNMENT**     [Rev. Nov 2021]

**(Civil)**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| BIBIYAN LAW GROUP, P.C. David D. Bibiyan (Cal. Bar No. 287811) 8484 Wilshire Blvd , Suite 500, Beverly Hills, California 90211 | ELECTRONICALLY FILED BY Superior Court of California, County of Monterey On 5/31/2022 5:05 PM By: Kemar Davis, Deputy |

TELEPHONE NO.: 310-438-5555    FAX NO. (Optional): 310-300-1705
E-MAIL ADDRESS: david@tomorrowlaw.com
ATTORNEY FOR (Name): Plaintiff: MONICA KIM

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY
STREET ADDRESS: 1200 Aguajito Road
MAILING ADDRESS:
CITY AND ZIP CODE: Monterey, 93940
BRANCH NAME: Monterey Courthouse

CASE NAME:
KIM v. VIRUS GEEKS, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 22CV001485 |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [x] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Eight (8)
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: May 31, 2022

Alexander D. Wallin                                                          ▶ /s/ Alexander D. Wallin
_____                              _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**       **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer*
        *or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
    *domain, landlord/tenant, or*
    *foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-*
        *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
        *harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**    [ Print this form ]   [ Save this form ]    [ Clear this form ]

**EXHIBIT "B"**

4 6 12 8 1 5



**Secretary of State**
**Statement and Designation by**
**Foreign Corporation**

| S&DC-S/N |
| --- |

**IMPORTANT — Read Instructions before completing this form.**

Must be submitted with a current **Certificate of Good Standing** issued by the government agency where the corporation was formed.  See Instructions.

**Filing Fee** –  **$100.00** (for a foreign stock corporation) or
**$30.00** (for a foreign  nonprofit corporation)

**Copy Fees** –  First page $1.00; each attachment page $0.50;
Certification Fee - $5.00

*Note:* Corporations may have to pay minimum $800 tax to the California Franchise Tax Board each year. For more information, go to *www.ftb.ca.gov.*

**FILED**
**Secretary of State**
**State of California**

**JUL 0 2 2020**

**This Space For Office Use Only**

**1.  Corporate Name** (Go to www.sos.ca.gov/business/be/name-availability for general corporate name requirements and restrictions.)

**2.  Jurisdiction** (State, foreign country or place where this corporation is formed - **must match** the Certificate of Good Standing provided.)

Virus Geeks Inc

Delaware

**3.  Business Addresses** (Enter the **complete** business addresses. Items 3a and 3b cannot be a P.O. Box or "in care of" an individual or entity.)

| a. Initial Street Address of Principal Executive Office - **Do not enter a P.O. Box** | City (no abbreviations) | State | Zip Code |
| --- | --- | --- | --- |
| 2631 Fairview Drive | Mountain View | CA | 94043 |
| b. Street Address of Principal Office in California, **if any - Do not enter a P.O. Box** | City (no abbreviations) | State | Zip Code |
| 2631 Fairview Drive | Mountain View | CA | 94043 |
| c. Mailing Address of Principal Executive Office, **if different than item 3a** | City (no abbreviations) | State | Zip Code |
|  |  |  |  |

**4.  Service of Process** (Must provide either Individual OR Corporation.)

**INDIVIDUAL** – Complete Items 4a and 4b only.  Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is **not** a corporation) | Middle Name | Last Name | | Suffix |
| --- | --- | --- | --- | --- |
| Francis | M. | Lee | | |
| b. Street Address (if agent is **not** a corporation) - **Do not enter a P.O. Box** | City (no abbreviations) | | State | Zip Code |
| 2631 Fairview Drive | Mountain View | | CA | 94043 |

**CORPORATION** – Complete Item 4c.  Only include the name of the registered agent Corporation.

| c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 4a or 4b |
| --- |
|  |

**5.  Read and Sign Below** (See instructions.  Office or title not required.)

I am a corporate officer and am authorized to sign on behalf of the foreign corporation.

*Francis Lee*
Signature

Francis M. Lee
Type or Print Name



# Delaware

### The First State

4 6 1 2 8 1 5

Page 1

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY "VIRUS GEEKS INC" IS DULY INCORPORATED
UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND
HAS A LEGAL CORPORATE EXISTENCE SO FAR AS THE RECORDS OF THIS
OFFICE SHOW, AS OF THE TWENTY-NINTH DAY OF JUNE, A.D. 2020.

AND I DO HEREBY FURTHER CERTIFY THAT THE SAID "VIRUS GEEKS INC"
WAS INCORPORATED ON THE TWENTY-SECOND DAY OF JUNE, A.D. 2020.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL FRANCHISE TAXES
HAVE BEEN ASSESSED TO DATE.

Jeffrey W. Bullock, Secretary of State

3111413  8300
SR# 20205954094
You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 203189703

Date: 06-29-20

Monica Kim vs. Virus Geeks, Inc.                    U.S. District Court Case No.

**PROOF OF SERVICE**

I, *Milan Neda*, declare under penalty of perjury under the laws of the State of California that the following facts are true and correct:

I am a citizen of the United States, over the age of eighteen years, and not a party to the within action. I am an employee of Berliner Cohen, LLP, and my business address is Ten Almaden Boulevard, Eleventh Floor, San Jose, California 95113-2233. On January 12, 2023, I served the following document(s):

**NOTICE OF REMOVAL OF ACTION**

in the following manner:

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Jose, California addressed as set forth below.

☐ by overnight mail by placing the document(s) listed above in a sealed overnight mail envelope with postage thereon fully prepaid, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by e-mail or electronic transmission. Pursuant to Code of Civil Procedure §1010.6, I caused the document(s) to be sent to the person(s) at the e-mail address(es) listed below.

Attorneys for Plaintiff, MONICA KIM, an individual and on behalf of others similarly situated

BIBIYAN LAW GROUP, P.C.                    Tel: 310-438-5555
David D. Bibiyan                                   Fax: 310-300-1705
Jeffrey D. Klein                                     Email: david@tomorrowlaw.com
Alexander D. Wallin                              Jeff@tomorrowlaw.com
8484 Wilshire Boulevard, Suite 500        Alex@tomorrowlaw.com
Beverly Hills, CA 90211                         Emanuel@tomorrowlaw.com

I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service/Express Mail, Federal Express and other overnight mail services, to wit, that correspondence will be deposited with the United States Postal Service/overnight mail service this same day in the ordinary course of business.

Executed on January 12, 2023, at San Jose, California.

_____
MILAN NEDA